```
Tai Dang
CSP-Solano
FAC. 2, BLDG. 12, Cell 240
P.O. BOX 4000
VACAVILLE, CA. 95696
CDC No. P-83131

In Pro Se
```

In The United States District Court for the Northern District of California

No. C 07 3268 SI

Tai Dang,

    Petitioner,

v.

D. K. Sisto, Warden,

    Respondent.

Motion To Stay And Hold In Abeyance Petition For A Writ Of Habeas Corpus (PR)

To: The Honorable Judge for the United States District Court for the Northern District of California:

Petitioner, on his own behalf, moves the court for an order staying and holding in abeyance the accompanying petition for a writ of habeas corpus, pending the exhaustion thereof through the California State Courts. This motion is authorized by 28 U.S.CA. section 2254(b)(1) and is based on the attached declaration of Tai Dang, petitioner in the above-entitled action.

                                            Tai Dang

```
In The State of California, |    Declaration of Tai Dang
                            } SS.  In Support of Motion to
County of Solano            |    Stay and hold In Abeyance
                            |    Petition for a Writ of
                                 Habeas Corpus
```

I, Tai Dang, under the Penalty of Perjury declare:

1. On June 9, 2000, petitioner, in Superior Court for Santa Clara County, in Case No. C9927769, was convicted of first degree murder and of possession of a firearm by a convicted felon. In addition, the jury found true a special sentencing enhancement, under Penal Code Section 12022.53(d). Petitioner was sentenced to 52 years to life.

2. Petitioner filed a timely notice of appeal from the judgment in the California Court of appeal for the Sixth Appellate District.

3. On September 24, 2002, the California Court of Appeal affirmed the conviction and judgment. (See Exhibit A, attached hereto.)

4. On October 22, 2002, the California Court of Appeal denied a petition for rehearing. (See Exhibit B, attached hereto.)

5. On December 11, 2002, the California Supreme Court

(2)

1 | denied a petition for review. (See Exhibit C, attached hereto.)

3 | 6. With this in mind, petitioner points out that ninety (90) days after December 11, 2002, the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitations began to run. Without the intervention of a timely and properly filed state habeas Corpus petition of the timely filing of a federal habeas corpus petition, the AEDPA's statute of limitations expired of March 11, 2004. Thus, petitioner establishes, on the face of this pleading, that the accompanying petition for a writ of habeas corpus is untimely. Still, notwithstanding the untimeliness of the accompanying petition, petitioner herein proffers facts significant enough to abate the court's inclination to either not file the accompanying petition or to deny this motion to stay and hold in abeyance the accompanying petition.

18 | 7. After petitioner's appellate attorney, Authur Dudley, notified petitioner that he filed a petition for review with the California Supreme Court he discontinued all correspondence, even refusing to reply to several of petitioner's letters. As a result petitioner did not become aware that the California Supreme Court denied his petition for review until June 2004, three months after the AEDPA's statute of limitations expired, when, upon petitioner's request, the California court of appeal sent petitioner a copy of the Supreme Court's December 11, 2002 order denying the petition for review.

(3)

8. Thereafter, petitioner filed a claim against Appellate Attorney Dudley with the California State Bar, who eventually held proceedings in the State Bar Court and found Appellate Attorney Dudley's unprofessional conduct harmed petitioner, to the extent that Attorney Dudley was liable for petitioner missing his AEDPA's statute of limitation for filing a federal habeas corpus petition. A copy of the State Bar's stipulation regarding facts, conclusions of law, and disposition is attached hereto as Exhibit D.

9. In addition, Appellate Attorney Dudley never provided petitioner with any instruction as regard to the filing of a federal habeas corpus petition or any information regarding how a state habeas corps petition tolled the AEDPA statute of limitations.

10. Petitioner is a Vietnamese immigrate, who is not fluent in the English language and is a layperson at law. Therefore petitioner, after receiving the State Bar's stipulations and disposition, sought the assistance of a writ writer.

11. The writ writer advised petitioner that he should file a state habeas corpus petition with an adequate explanation for the filing of a delayed petition, and Simultaneously file a federal habeas corpus petition, asking the district court to stay and hold it in abeyance.

12. On May 23, 2007, petitioner filed, pursuant to the Mailbox Rule, a petition for a writ of habeas corpus with the Superior Court of Santa Clara.

13. In his state habeas corpus petition, petitioner presented the following issues:

1. Petitioner was denied the effective assistance of appellate attorney.

2. Trial Court abused its discretion when it denied petitioner's request to proceed Pro se.

3. Trial Court abused its discretion when it found petitioner was properly mirandized, understood each of the questions, and waived each of the miranda rights.

4. Petitioner was denied the effective assistance of counsel:

a.) Trial counsel failed to raise a timely objection as to the inadmissibility of some testimony by Tina Ha that she believed that petitioner was making money by illegal activities.

b.) Trial counsel, without proper preparation, went into an area of inquiry on cross-examination of Tina Ha, on

(5)

1  the subject that a detective who interviewed her accused her
2  of being a prostitute all of which caused Tina Ha to have
3  a disastrous emotional breakdown in front of the jury.

5      c.) Defense counsel raised no objection to the testimony
6  of the individual who was the probation officer that
7  interviewed petitioner for a presentence probation report
8  in December 1994, during which petitioner indicated that his
9  address was 1302 Sippola Way, San Jose, California and further
10 stated that he lived full time in Santa Clara County for the
11 previous six years.

13     d.) Defense counsel raised no objection to the
14 prosecutor's statement in closing argument to the jury that
15 in connection with the incident that happened at the Hoan
16 My Restaurant in October 1998, "We heard that a month earlier
17 the defendant - the defendant had been involved in a violent
18 attack on another customer in the restaurant, one month
19 earlier. You heard that the defendant and his two buddies
20 dragged or took some guy into the bathroom, and there...they
21 struck this man over the head with a beer bottle, and the
22 man was bleeding and so forth.

24     e.) Defense counsel failed to engage in adequate pretrial
25 investigation into the facts surrounding the October 21, 1998,
26 assault which occurred at the Hoan My Restaurant.

(6)

f.) Defense counsel's failure to investigate and interview an important witness deprived petitioner the opportunity to:

1. Subdivisions a-d of the ineffective assistance claim where presented both on direct appeal and habeas corpus petition. Present testimonial evidence which potentially could have undermined the prosecution's case in chief.

5. The prosecution introduced false evidence, violating petitioner's rights to a fair trial and due process.

Clearly, the aforementioned grounds for relief are not frivolous, and when they are proven to be true, petitioner will be entitled to habeas corpus relief.

Wherefore, petitioner prays that, after full consideration of the facts set forth herein and the exhibits attached hereto, the Court file, stay, and hold in abeyance the accompanying petition for a writ of habeas corpus.

Executed on this __19__ day of __JUNE__ 2007, in the County of Solano.

_/s/ Tai Dang_

Tai Dang

In Pro Se

## DECLARATION AND PROOF OF SERVICE BY MAIL

I, ___Tai Dang___, declare under the penalty of perjury that I am over the age of 18 years, ( ) and not a party, or ( X ) am a party to this action, and reside in Solano County, at P.O. Box 4000, (Cell #__12-240__) Vacaville, California, 95696-4000.

That on __19__, __JUNE__, 200_7_, I deposited in the United States Mail at California State Prison - Solano, Vacaville, California a copy of the attached hereof:
Motion to Stay and Hold in Abeyance Petition for A Writ of Habeas Corpus

in a sealed envelope with postage fully prepaid, and addressed to:
Office of the Attorney General
455 Golden Gate Ave. Suite 11000
San Francisco, Ca. 94102

I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed on this _19_, _JUNE_, 200_7_, at CSP-Solano, Vacaville, California, 95696-4000.

_____
DECLARANT