UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAI Q. DANG,

    Petitioner,

    v.

D. K. SISTO, warden,

    Respondent.

No. C 07-3268 SI (pr)

**ORDER ON INITIAL REVIEW**

### INTRODUCTION

Tai Q. Dang, a prisoner incarcerated at the California State Prison - Solano, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The court now also considers his motion for a stay and abeyance, as well as his non-payment of the filing fee.

### BACKGROUND

Dang's petition and attachments disclose the following: Dang was convicted in the Santa Clara County Superior Court of murder and being a felon in possession of a firearm. In June 2000, he was sentenced to 52 years to life in state prison. He appealed. His petition for review was denied on December 11, 2002, although he contends that he did not receive notice of that denial for many months thereafter. He apparently filed a petition for writ of habeas corpus in the Santa Clara County Superior Court in May 2007.

He then filed this action. His federal petition has a proof of service dated June 19, 2007, and was stamped "filed" on June 21, 2007.

When Dang filed his petition, he also filed a "motion to stay and hold in abeyance petition for writ of habeas corpus." He did not pay the filing fee or file an in forma pauperis application, even though the court sent him notice of this deficiency.

**DISCUSSION**

A.  The Petition's Apparent Timeliness Problem

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other

collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

It appears that the petition may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that such a motion to dismiss is unwarranted in this case.

B.   The Motion To Stay

Petitioner filed a motion to stay and hold the petition in abeyance pending his exhaustion of state court remedies. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not plainly meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The motion does not satisfy the requirements of Rhines. Most notably, the motion does not explain why state court remedies were not exhausted earlier for the claims that are being presented to the state court for the first time in May 2007, in light of the fact that direct review apparently concluded in 2002 and petitioner reportedly learned of the denial of his petition for review no later than June 2004. The motion is DENIED without prejudice to petitioner submitting a motion with the proper showing as required by Rhines. (Docket # 2.)

Finally, it appears that the best course of action is to determine whether the petition is untimely before considering whether to stay the action so that state court remedies may be exhausted for additional claims. If the petition is already untimely – as discussed in the preceding section – there is no reason to stay and hold the matter in abeyance for the exhaustion of state court remedies as to additional claims because they too would be untimely.

3

**CONCLUSION**

Good cause appearing therefor,

1. The clerk shall serve by certified mail a copy of this order, the petition, and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall send a copy of this order to petitioner.

2. Respondent must file and serve, no later than **January 25, 2008**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving a copy upon respondent no later than **February 29, 2008**.

4. Respondent must file and serve his reply, if any, no later than **March 14, 2008**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

6. Petitioner's motion to stay and hold in abeyance is DENIED. (Docket # 2.)

7. Petitioner has not filed an in forma pauperis application or paid the $5.00 filing fee. He must pay that fee or file a completed in forma pauperis application no later than **December 21, 2007**. Failure to pay the fee or file an in forma pauperis application by that deadline will result in the dismissal of this action without further notice.

IT IS SO ORDERED.

DATED: November 13, 2007

_____
SUSAN ILLSTON
United States District Judge