1  EDMUND G. BROWN JR.
Attorney General of the State of California
2  DANE R. GILLETTE
Chief Assistant Attorney General
3  GERALD A. ENGLER
Senior Assistant Attorney General
4  GREGORY A. OTT
Deputy Attorney General
5  PEGGY S. RUFFRA
Supervising Deputy Attorney General
6  State Bar No. 117315
   455 Golden Gate Avenue, Suite 11000
7  San Francisco, CA 94102-7004
   Telephone: (415) 703-1362
8  Fax: (415) 703-1234
   Email: peggy.ruffra@doj.ca.gov
9  Attorneys for Respondent

10           IN THE UNITED STATES DISTRICT COURT

11         FOR THE NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

| | |
|---|---|
| **TAI DANG,** | C 07-3268 SI |
| Petitioner, | **MOTION TO DISMISS HABEAS CORPUS PETITION AS UNTIMELY** |
| v. | |
| **D.K. SISTO, Warden,** | |
| Respondent. | |

19         Respondent hereby moves to dismiss the petition for writ of habeas corpus for failure to

20  comply with the statute of limitations set forth in 28 U.S.C. § 2244(d).

21         This Court invited a motion to dismiss because the petition appeared untimely on its face.

22  We have not noticed a hearing date because petitioner is an incarcerated state prisoner who is

23  representing himself in this case.

24

25                  **STATEMENT OF THE CASE**

26         Following trial by a Santa Clara County jury, petitioner was convicted of first degree

27  murder and being a felon in possession of a firearm, along with an enhancement that petitioner

28  personally discharged a firearm causing death.  The trial court sentenced petitioner to 52 years to

life in state prison.

On September 24, 2002, the California Court of Appeal affirmed the judgment of conviction. Petition, exhibit A. On December 11, 2002, the California Supreme Court denied review. Petition, exhibit C; Respondent's exhibit 1.

On May 29, 2007, petitioner filed a habeas corpus petition in Santa Clara County Superior Court. Petition, Exhibit E.[1/] Petitioner does not indicate when that petition was denied.[2/] On October 17, 2007, petitioner filed a habeas corpus petition in the California Court of Appeal, which was denied on November 30, 2007. Respondent's Exhibit 2. To date petitioner has not filed a habeas corpus petition in the California Supreme Court.

Meanwhile, on June 19, 2007, petitioner mailed his federal habeas corpus petition, which was filed in this Court on June 21, 2007.

## ARGUMENT

## THE PETITION IS UNTIMELY

### A. The Petition Is Three Years Late

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposed a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d). The purpose of the statute is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002).

The limitations period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's state judgment became final on March 11, 2003, 90 days after the

---

1. Petitioner claims, for purposes of the mailbox rule, that he gave the petition to prison officials for filing on May 23, 2007. Motion to Stay and Hold In Abeyance Petition at 5. However, he provides no proof of that claim. *See Koch v. Ricketts*, 68 F.3d 1191, 1193 (9th Cir. 1995).

2. The superior court must rule on a habeas corpus petition within 60 days of filing. Cal. Rules of Court, rule 4.551(a)(3)(A).

1   California Supreme Court denied review, when the time to file a petition for writ of certiorari

2   expired. *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999). Thus, absent tolling, the federal habeas

3   corpus petition was due by March 11, 2004. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.

4   2001).

5          The limitations period is tolled during the pendency of a properly filed state collateral

6   challenge to the judgment. 28 U.S.C. § 2244(d)(2). However, a state habeas corpus petition filed

7   after the statute has expired does not toll the limitations period. *Ferguson v. Palmateer*, 321 F.3d

8   820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period

9   that has ended before the state petition was filed"). Petitioner is not entitled to tolling for his state

10  habeas corpus petitions, because they were not filed until long after the statute had expired.

11  Accordingly, his federal habeas corpus petition was filed three years late.

12

13         **B.    Petition Is Not Entitled To Equitable Tolling**

14         Petitioner implicitly contends that he is entitled to equitable tolling based on his appellate

15  counsel's error. The Supreme Court has not yet decided whether equitable tolling is applicable to

16  AEDPA's statute of limitations. *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007); *Pace v.

17  DiGuglielmo,* 544 U.S. 408, 418 (2005). In *Pace*, the Supreme Court held that, assuming without

18  deciding that equitable tolling is available, "a litigant seeking equitable tolling bears the burden of

19  establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

20  extraordinary circumstance stood in his way." *Id.*; *see Fail v. Hubbard*, 315 F.3d 1059, 1061-1062

21  (9th Cir. 2002) ("In this circuit, equitable tolling is warranted only by extraordinary circumstances

22  beyond the petitioner's control which made it impossible to file a timely federal habeas petition.").

23  Under any standard, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very

24  high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.

25  2002) (citation omitted). The petitioner bears the burden of showing that equitable tolling is

26  warranted in the particular circumstances of his case. *Id.* at 1065.

27         The Supreme Court has expressly rejected the notion that attorney error justifies

28  equitable tolling. In *Lawrence v. Florida*, 127 S.Ct. 1079, the petitioner argued that his counsel's

Motion to Dismiss Habeas Corpus Petition As Untimely - C 07-3268 SI

1 mistake in miscalculating the limitations period to include the time for seeking certiorari review after

2 the state habeas proceedings entitled him to equitable tolling.  The Supreme Court disagreed, stating,

3 "If credited, this argument would essentially equitably toll limitations periods for every person

4 whose attorney missed a deadline.  Attorney miscalculation is simply not sufficient to warrant

5 equitable tolling, particularly in the postconviction context where prisoners have no constitutional

6 right to counsel."  *Id*. at 1085.

7   The Ninth Circuit has also held that attorney error does not justify equitable tolling.

8 *Miranda v. Castro,* 292 F.3d at 1066-1067 (attorney wrote letter to petitioner stating wrong due date

9 for federal habeas petition); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney

10 miscalculated deadline for statute of limitations); *Green v. White,* 223 F.3d 1001, 1003 (9th Cir.

11 2000) (counsel relied on inapplicable case).  Further, in *Miranda* the Court found that because a

12 federal habeas petitioner had "no right to the assistance of his appointed appellate counsel regarding

13 post-conviction relief, it follows that he did not have the right to that attorney's 'effective'

14 assistance, either."  *Miranda*, 292 F.3d at 1068.  Accordingly, the Ninth Circuit rejected the

15 argument that when counsel undertakes to advise a federal habeas petitioner that advice must be

16 accurate, and that the failure to give accurate advice requires equitable tolling.  *Id*.; *see Frye*, 273

17 F.3d at 1146 (distinguishing capital case where statute was equitably tolled when the petitioner's

18 original habeas attorney moved out of state and left unusable work product, because in capital cases

19 an indigent petitioner has a *statutory* right to counsel); *see also Molo v. Johnson*, 207 F.3d 773, 775

20 (5th Cir. 2000) (no equitable tolling for alleged ineffective assistance of counsel in *state* habeas

21 proceedings because there is no right to counsel at the point).

22   Nevertheless, the Ninth Circuit has held that where counsel's misconduct goes

23 beyond "ordinary attorney negligence" and is "sufficiently egregious," it may constitute an

24 extraordinary circumstance warranting equitable tolling.  *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th

25 Cir. 2003).  In *Spitsyn*, the attorney was hired to file a federal habeas petition but failed to do so,

26 which the Ninth Circuit found was "so deficient as to distinguish it from the merely negligent

27 performance of counsel."  *Id*. at 798- 801; *accord Baldayaque v. United States*, 338 F.3d 145 (2d

28 Cir. 2003); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001).  However, the Ninth Circuit held that

the petitioner must also show that the extraordinary circumstances were the cause of the untimely filing. *Spitsyn* at 799. Because it was unclear why Spitsyn did not file his pro se federal petition until September when counsel had turned over his file in April, the Court remanded the case for the district court to determine whether he had "exercised reasonable diligence in pursuing the matter, under the circumstances he faced." *Id*. at 802.

Assuming arguendo that *Spitsyn* survives the Supreme Court's holding in *Lawrence*, petitioner cannot show an egregious error by appellate counsel that caused him to file an untimely federal petition. Petitioner alleges that he did not become aware of the California Supreme Court's denial of review until June 2004. Motion to Stay and Hold In Abeyance Petition at 3. He provides a stipulation filed in connection with proceedings in the California State Bar against his appellate counsel, which shows the following. *See* Petition, exhibit D at 6-7. Appellate counsel sent petitioner a copy of the state supreme court's order denying review on February 2, 2003; for unexplained reasons petitioner did not receive the letter. In March 2004, petitioner wrote to counsel to determine the status of his petition for review; counsel did not respond. On May 31, 2004, petitioner wrote to the state appellate court to determine the status of his petition for review; some time prior to June 16, 2004, petitioner received a copy of the denial order from the appellate court. In August 2004, petitioner filed a complaint against counsel with the state bar. On November 7, 2004, counsel sent petitioner a letter offering to prepare a late federal petition within two weeks of the date of his letter. Counsel drafted and sent the petition to petitioner; for unexplained reasons petitioner did not receive it. In June 2005, petitioner wrote to counsel inquiring about the petition; counsel did not respond. In September 2005 petitioner wrote to counsel again; on October 13, 2005, counsel sent the file to petitioner, although he did not provide another copy of the federal petition. Counsel ultimately sent petitioner another copy of the federal petition on January 17, 2007. *Id*.[3]

Counsel clearly attempted to send petitioner the denial order before the limitations period had commenced. Even assuming it was counsel's negligence that accounted for petitioner's

---

3. Based on the mitigating factors, particularly that counsel had been discipline-free for 33 years prior to this matter, the state bar imposed the lesser sanction of public reproval on counsel. Petition, exhibit D at 8.

Motion to Dismiss Habeas Corpus Petition As Untimely - C 07-3268 SI

failure to receive the order (a circumstance that has not been alleged or proven), that does not amount to an extraordinary circumstance or egregious misconduct warranting equitable tolling. *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) (implication that counsel was derelict in failing to notify petitioner of state court's disposition amounted at most to attorney negligence that did not rise to the level of extraordinary circumstance).

Even if counsel's conduct did constitute an extraordinary circumstance, petitioner failed to exercise reasonable diligence. "A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition." *Drew v. Department of Corrections*, 297 F.3d 1278, 1288 (11th Cir. 2002). In *Drew*, the court held that even assuming the petitioner did not receive the district court's order dismissing the petition for failure to exhaust for more than a year after its issuance, he had "provided no evidence supporting his claim that he repeatedly attempted to ascertain the status of his case from the Clerk's office, a burden necessary to sustaining his claim of extraordinary circumstances." *Id*. In that case the mail record actually cut against the petitioner's claim, as it reflected only one letter sent to the clerk's office, and that letter was not mailed until sixteen months after the petition was filed. *Id*.; *accord LaCava v. Kyler*, 398 F.3d at 277 (petitioner failed to establish diligence where he failed to inquire about status of petition for allowance of appeal for 21 months after filing). Here, the petition for review was filed on November 1, 2002. Respondent's exhibit 1. The California Supreme Court was required to rule on that petition within 60 days. Cal. Rules of Court 8.512 (b)(1). However, petitioner did not inquire about the status of the petition for review until March 2004, seventeen months after filing. That lengthy delay cannot establish diligence.

In addition, petitioner actually received the denial order between June 1 and June 16, 2004. Even if the statute did not begin until his actual notice, *cf. Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) ("not in every case will a prisoner be entitled to equitable tolling until he receives notice"), petitioner still failed to diligently pursue either his state collateral challenges or his federal petition until several years after that date.

1   Further, petitioner actually received counsel's file on October 13, 2005. At that point

2   petitioner clearly had everything he needed to prepare a petition in state or federal court. However,

3   even if he were entitled to equitable tolling for all the time that elapsed up to that point, petitioner

4   did not file his first state petition until May 29, 2007, a year and a half later, which was too late to

5   entitled him to statutory tolling under any calculation. Thus, petitioner cannot show that the delay

6   in receiving the file caused his untimely federal filing. *See Spitsyn*, 345 F.3d at 802. Further, as

7   petitioner is not entitled to federal habeas counsel, he is not entitled to tolling for the entire time until

8   he received the federal petition that had been prepared by counsel. Nor has he alleged or proven that

9   he was so stymied that he could not draft a petition until he received the federal petition prepared

10   by counsel.[4/]

11   For all the above reasons, petitioner cannot show that extraordinary circumstances

12   or egregious attorney misconduct occurred, that he was pursuing his rights diligently, or that any of

13   the circumstances caused him to file a late petition. Equitable tolling cannot save this late petition.[5/]

14

15

16

17

18

19

20

21

---

22   4.   Petitioner has not provided a copy of the petition prepared by counsel, but it is unlikely

23   his current pro se petition is the same as counsel's petition.

24   5.   In addition, petitioner has not exhausted all of his current claims, as he has not filed a

habeas corpus petition in the California Supreme Court. Stay and abeyance for further exhaustion

25   is unwarranted, however, because at best petitioner could then file a fully exhausted federal petition

that was even more untimely. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("Staying a federal

26   habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to

delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining

27   federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state

court prior to filing his federal petition.").

28

1

**CONCLUSION**

2          Accordingly, respondent respectfully requests that the petition for writ of habeas

3    corpus be dismissed with prejudice for failure to comply with the statute of limitations.

4

5                    Dated:  December 11, 2007

6                                        Respectfully submitted,

7                                        EDMUND G. BROWN JR.
                                         Attorney General of the State of California

8                                        DANE R. GILLETTE
                                         Chief Assistant Attorney General
9
                                         GERALD A. ENGLER
10                                       Senior Assistant Attorney General

11                                       GREGORY A. OTT
                                         Deputy Attorney General
12

13
                                         /s/  PEGGY S. RUFFRA
14                                       Supervising Deputy Attorney General

15                                       Attorneys for Respondent

16   PSR/cfl
     SF2007403158
17   40195752.wpd

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# CALIFORNIA APPELLATE COURTS
## Case Information



| Supreme Court |
|---|
| Welcome |
| Search |
| E-mail |
| Calendar |
| Help |
| Opinions |

C | C
home

## Supreme Court

Change court ▼

Court data last updated: 12/10/2007 09:53 AM

**Case Summary**    **Docket**    **Briefs**
**Disposition**    **Parties and Attorneys**    **Lower Court**

## Docket (Register of Actions)

**PEOPLE v. DANG**
**Case Number S111093**

| Date | Description | Notes |
|---|---|---|
| 11/01/2002 | Application to file over-length brief filed | by counsel for appellant (Tai Quoc Dang) |
| 11/01/2002 | Received: | over-length Petition for Review from counsel for appellant. |
| 11/04/2002 | Petition for review filed with permission | by counsel for appellant (Tai Quoc Dang) |
| 11/04/2002 | Record requested | |
| 11/06/2002 | Received Court of Appeal record | one box |
| 12/11/2002 | Petition for review denied | |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

EXHIBIT 2

# CALIFORNIA APPELLATE COURTS

### Case Information



| Welcome | **6th Appellate District** | Change court ☑ |
|---|---|---|
| Search | Court data last updated: 11/30/2007 02:05 PM | |

<u>Case Summary</u>   <u>Docket</u>   <u>Scheduled Actions</u>   <u>Briefs</u>
<u>Disposition</u>   <u>Parties and Attorneys</u>   <u>Trial Court</u>

## Docket (Register of Actions)

**Tai Quoc Dang on Habeas Corpus**
**Case Number H032173**

| Date | Description | Notes |
|---|---|---|
| 10/17/2007 | Petition for a writ of habeas corpus filed. | |
| 10/17/2007 | Exhibits lodged*************** | 2 volumes |
| 10/17/2007 | Filed document entitled: | Notice of Lodgment re Exhibits |
| 10/17/2007 | Filed document entitled: | Explanation for filing of a delayed Petition for Writ of Habeas Corpus |
| 10/17/2007 | Request filed to: | By petitioner for appt of cnsl & dclrtn of indigency (TCT) |
| 10/17/2007 | Request filed to: | By petnr re ex parte petn for an evidentiary hrg (TCT) |
| 10/17/2007 | Request filed to: | By petn re ex parte rqst for appt of an investigator (TCT) |
| 11/30/2007 | Case fully briefed. | |
| 11/30/2007 | Order denying petition filed. | The request for appointment of counsel is denied. The request for appointment of an investigator is denied. The petition for an evidentiary hearing is denied. The petition for writ of habeas corpus is denied (PBM, NM, RJM) |
| 11/30/2007 | Case complete. | |

<u>Click here</u> **to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Tai Dang v. D.K. Sisto**

No.:    **C 07-3268 SI (pr)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>December 11, 2007</u>, I served the attached  **MOTION TO DISMISS HABEAS CORPUS PETITION AS UNTIMELY**  by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Tai Dang
P-83131
California State Prison – Solano
P.O. Box 4000
Vacaville, CA  95696

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 11, 2007, at San Francisco, California.

| Carmelita F. Limaco | /s/ |
|---|---|
| Declarant | Signature |

40195757.wpd