EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
State Bar No. 117315
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-1362
  Fax: (415) 703-1234
  Email: peggy.ruffra@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **TAI DANG,** | C 07-3268 SI |
| Petitioner, | **REPLY TO OPPOSITION TO MOTION TO DISMISS HABEAS CORPUS PETITION AS UNTIMELY** |
| v. | |
| **D.K. SISTO, Warden,** | |
| Respondent. | |

Respondent hereby replies to petitioner's opposition to the motion to dismiss the habeas corpus petition as untimely. We rely primarily on the arguments already presented in the motion, which address most of the points raised in the opposition. We add the following.

Respondent stated in the motion to dismiss that petitioner received appellate counsel's file on October 13, 2005. Motion at 5. We took that date from petitioner's Exh. D attached to the petition, which is the California State Bar's stipulated facts and conclusions of law. That document states: "On October 13, 2005, respondent sent the client file to Dang." Petition, Exh. D at 7 ¶ 23.

Petitioner now contends he did not receive appellate counsel's file until "around January or February or 2006." Opposition at 26. He notes that he allegedly wrote a letter dated October 28, 2005, in which he stated that he had not been successful in his attempts to obtain the record from appellate counsel. Opposition, Exh. D at 83. Even assuming arguendo that the letter is genuine and

dated correctly, it likely took several weeks after counsel mailed the file, which was voluminous, for it to reach petitioner in prison.[1] Nor does petitioner provide any affirmative support for his claim that he did not receive the file until January or February 2006, or explain why that allegation is so vague. It is petitioner's burden to prove with specificity that he is entitled to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (conclusory allegations insufficient to warrant equitable tolling).

In any event, this difference of three to four months ultimately makes no difference to the question whether the federal petition was timely. Even if petitioner were to receive equitable tolling through the end of February 2006, he did not file his first state petition until May 29, 2007, which was a year and three months later. This lengthy delay fails to support either statutory tolling under 28 U.S.C. § 2244(d)(2), or additional equitable tolling. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (petitioner must show that "he has been pursuing his rights diligently"); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003) (alleged extraordinary circumstance must have "proximately caused" the late filing); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Under any calculation, the federal petition is untimely.

---

1. In the motion to dismiss, we inadvertently equated the date counsel mailed the file to the date petitioner received it. However, any delay in actual receipt that may have resulted from routine prison regulations would not extend to three to four months.

*Dang v. Sisto* - Reply to Opp. to Mo. to Dismiss Habeas Corpus Pet. as Untimely - C 07-3268 SI

**CONCLUSION**.

For the reasons stated in the motion to dismiss and in this reply, respondent respectfully requests that the petition for writ of habeas corpus be dismissed with prejudice for failure to comply with the statute of limitations.

Dated:  March 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

**/s/ Peggy S. Ruffra**

PEGGY S. RUFFRA
Supervising Deputy Attorney General

Attorneys for Respondent

## DECLARATION OF SERVICE BY MAIL

Case Name: ***Tai Dang v. Sisto***
Case No. **C 07-3268 SI**

I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>March 10, 2008</u>, I served the attached

### REPLY TO OPPOSITION TO MOTION TO DISMISS HABEAS CORPUS PETITION AS UNTIMELY

in the internal mail collection system at the Office of the Attorney General, 455 Golden Gate Avenue, Suite 11000, San Francisco, California 94102, for deposit in the United States Postal Service that same day in the ordinary course of business in a sealed envelope, postage fully prepaid, addressed as follows:

Tai Dang
P-83131
CSP - Solano
P.O. Box 4000
Vacaville, CA 95696

I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on March 10, 2008, at San Francisco, California.

| Denise Neves | /s/ Denise Neves |
|---|---|
| | Signature |