

Joanne McCracken                    -2-                    October 4, 2001
RE: People v. Dang

merely the second side of the tape. I would appreciate receiving from you a full and complete
copy of this tape, which is otherwise described by the San Jose City Police Department as tape
number 27 in its Case Number 98-325-1333.

Additionally, I would appreciate receiving copies of the tape recordings of the statements
of the two prostitutes from Sacramento. As I mentioned to you in our telephone conversation
several weeks ago, the subject of these tapes came up during the course of Tai Dang's trial when,
at a side bar discussion, Javier Rios indicated that he had received those tapes from you but had
not yet listened to them. I have included herein copies of all of the applicable pages from the
reporter's transcript of Tai Dang's trial which refers to these two statements from the prostitutes
that were tape recorded. I have specifically requested copies of these tapes from Javier Rios, but
in all of the materials he has sent to me to date I have not been given those tapes. I would
appreciate receiving copies of those tapes at this time.

To the extent that it is necessary for me to pay for these tapes, please let me know right
away the applicable cost and I will send a check to you for full payment. Additionally, based
upon other materials that I have received and reviewed in Tai Dang's matter, I believe that all of
these tapes will include exculpatory information pertinent to Tai Dang's matter. Obviously, you
yourself thought the materials on these tapes were sufficiently significant in order to turn over to
the defense as part of the trial court discovery. Hopefully, you can provide me the copies of
these tapes shortly. I would appreciate receiving those tapes no later than three weeks from the
date of this letter.

Thank you for your anticipated prompt attention to this request. If you have any
questions whatsoever, please feel free to contact me right away.

Very truly yours,

Arthur Dudley

AD/mcb

cc: Sixth District Appellate Program
    Tai Quoc Dang

D(36)

# Page, Salisbury & Dudley . Attorneys at Law

**605 Center Street . Santa Cruz . California 95060-3804**

Mitchell Page
Gordon J. Salisbury
Arthur Dudley
Sean Gallagher
Celeste DeNardo
Nikki Whitehead
Matthew A. Mohun

**Telephone (831) 429-9966**
Facsimile (831) 427-2132

October 4, 2001

Tai Quoc Dang, P-83131
Calipatria State Prison
P. O. Box 5002
Calipatria, CA 92233-5002

> RE: People v. Tai Quoc Dang
> Court of Appeal, Sixth Appellate District
> Case Number H021681

Dear Mr. Dang:

As you can see from the copies of the enclosed letters, I still have not received back from Javier Rios a written response to my letter of July 11, 2001, concerning my inquiries about his representation of you in the Santa Clara County Superior Court. Furthermore, as you can see from the enclosed letters, I am still attempting to receive a full and complete copy of the tape recording of the telephone conversations that you had with Tina Ha from the Sacramento County Jail, along with full and complete copies of the tape recordings of the statements made by the prostitutes in Sacramento.

Moreover, as you can see from the enclosed copy of the letter that I sent to Javier Rios, I have received from him additional matters pertaining to your case. However, those matters do not contain the critical materials that I still need, and they do not answer my questions contained in my letter of July 11, 2001, to Javier Rios. As soon as I know anything more with regard to the tape recordings that I still want, I will let you know.

Additionally, I am going over to San Jose on October 16, 2001, in connection with an oral argument in the Court of Appeal in another appeal in which I am involved. I hope I have enough time on that day to go over to the Santa Clara County Superior Court and to look at all of the exhibits in your matter, including the photographs of the beer bottles on the table that you have mentioned to me several times in the past. As soon as I have an opportunity to personally

D(37)

Tai Quoc Dang, P-83131                    -2-                      May 22, 2001
RE: People v. Dang

look at those photographs, I will let you know my opinions and conclusions.

Next, I have not yet received from the Attorney General's Office a brief responding to the Appellant's Opening Brief that I have prepared and filed in connection with your appeal. Currently the Attorney General's Office has until October 12, 2001, to complete and file its brief. As soon as I receive a copy of that brief, I will forward a copy to you. As always, if you have any questions, please feel free to write, or if at all possible make a collect telephone call preferably on a Thursday or Friday afternoon.

Very truly yours,

Arthur Dudley

AD/mcb
encls.

cc: Sixth District Appellate Program

# Page, Salisbury & Dudley . Attorneys at Law

605 Center Street • Santa Cruz • California 95060-3804

Mitchell Page
Gordon J. Salisbury
Arthur Dudley
Sean Gallagher
Celeste DeNardo
Nikki Whitehead
Matthew A. Mohun

**Telephone (831) 429-9966**
Facsimile (831) 427-2132

October 31, 2001

Tai Quoc Dang, P-83131
Calipatria State Prison
P. O. Box 5002
Calipatria, CA 92233-5002

RE: People v. Tai Quoc Dang
    Court of Appeal, Sixth Appellate District
    Case Number H021681

Dear Mr. Dang:

As you can see from the enclosed brief in this letter, I have finally received the respondent's brief prepared by the Attorney General's Office in connection with your appeal. At this point I will be preparing an appellant's reply brief responding to the claims and contentions raised by the Attorney General's Office in the respondent's brief. I anticipate the appellant's reply brief will be completed in your matter approximately 30 to 40 days from today's date.

With regard to my communications with your trial court attorney, Javier Rios, I finally heard back from him. Before answering any of the questions I have asked him in my previous letter, Javier Rios wants to review the whole record in your appeal. At this point I am in the process of sending a copy of that record to him for his full review and consideration. After I have received his responses, I will then be in a better position to file the applicable petition for writ of habeas corpus setting forth allegations of ineffective assistance of counsel in the trial court. Additionally, I am still trying to get a full and complete copy of the tape recording of all of the conversations between you and Tina Ha which were recorded from the Sacramento County Jail. My review of your file from Javier Rios seems to indicate that he never had a full and complete copy of this tape recording. If I cannot obtain a copy of the full tape recording in question, I will need to rely on your memory as to some of the events that occurred in the early conversations between you and Tina Ha. Specifically, I need to make sure that based upon your memory you never said to Tina Ha, in either Vietnamese or English, that "I lost" and that neither

Tai Quoc Dang, P-83131                        -2-                        October 31, 2001
RE: People v. Dang

you nor Tina Ha at anytime during those conversations used, in either English or Vietnamese, the phrase "murd –." This may sound repetitive of some questions that I have asked you in the past, but I definitely need to know the answers to these matters so that when I prepare the petition for writ of habeas corpus in your case you can honestly and truthfully sign the factual allegations under penalty of perjury.

Furthermore, just to let you know, when I was last over at the appellate court in connection with an oral argument in another matter, that oral argument ran a little long and I was not able to get to the superior court to specifically review the photographs of the beer bottles. However, I will be making another trip to Santa Clara County in the near future so that I can look at those pictures at that time. When I have been able to do so, I will let you know my thoughts in that regard.

As always, please feel free to contact me if you have any questions whatsoever. If you are going to place a collect telephone call to me, please remember that the best times to reach me are on Thursday and Friday afternoons.

Very truly yours,

Arthur Dudley

AD/mcb
encls.

cc: Sixth District Appellate Program

To:Mr.Dudley
Attorney at law
605 Center Street
Santa Cruz,C.A.,95060

November 8,2001

Dear Mr.Dudley:

As you can see and clearly understand where I
am coming from. Mr. Javier Rois wants to review the whole record
in my appeal. Once again Mr.Dudley,please do not let him (Javier
Rois) know any information about my appeal. You,yourself already
know my trial counsel,is not willing to help me. As a matter
of the fact,he and the prosecutor are familiar with the case,so
if he knew what we are trying to do on my appeal,I'm scared that
he will give all the information to the prosecutor,because prior
to the trial I had given him some of the letters that Tina Ha
had wrote to me and one of those letters is exculpatory evidence
on my behalf. Some how he let the prosecutor go through the
lettter. That's why the prosecutor showed it to Tina so that
she could change her own statement at the trial. Please,Mr.Dudley
this is very important to my life and both you and I know that
I have had only one chance to come back on my appeal. You know
base upon the fact that the prosecutor does not have a case.
The only thing she was able to do was work with the trial counsel
and both witnesses(Tina Ha and Ky nguyen)because the prosecutor
thinks both Tina and Ky are a key to the prosecution witnesses
and she also knew that all the statements and the testimonies
of both Tina and Ky are all inconsistent,and she still try to
cover up all their statements and the prosecutor will hurry
to close the case and get it over with. You already know that
I (Tai Dang)Have no help or any asistant from Mr.Javier. The
botom line is that Mr.Javier does not care for another life
like myself. My life is on the line. Anyways,he got paid,so
he has let the prosecutor do what she wanted. Anyways,I have
already been convicted and sentenced to 53 years to life in
prison for that horrible crime. But I did not commit this crime.
So please,Mr.Dudley,I (Tai Dang)am begging you for help. I need
you to put your very heart into the case. I will never forget
it. As long as I live.

Furthermore,Mr.Dudley,if you cannot obtain a copy
of the full tape recording quesion,I will rely on my memory
as to some of the events that occurred in the early conversations

D(41)

between myself and Tina Ha. Here is my 100%-without-doubt-faith that based upon my memory,I never said to Tina Ha,in either vietnamese or enlish,that"I lost"and that neither I nor Tina Ha at anytime during those conversations used,in either enlish or vietnamese the phrase"murd_."I,Tai Dang,honestly and truthfully sign the factual allegations under penalty of perjery.

My allegations that I'm not involved in any homicide either in San Jose or in San Francisco. Last year when I was still at Tracy prison and I was celled with a man named"Tang Robert."His nick name was (Cau)
Address:740 Visitacion Ave.
San Francisco,C.A.,94134
Phone:(415)586-1497

At the time that we were celled together,I had few conversations with Robert. I started to open up about the homicide frome San Francisco. Robert told me that all the suspects were arrested at the time the shooting occurred. This is the only clue that can help resolve this problem.

Very truly your,

Tai Dang/Appellant
AZ/102
P.O.Box 5002
Calipatria,C.A.,92233-5002

# Page, Salisbury & Dudley · Attorneys at Law

605 Center Street · Santa Cruz · California 95060-3804

Mitchell Page
Gordon J. Salisbury
Arthur Dudley
Sean Gallagher
Celeste DeNardo
Nikki Whitehead

Telephone (831) 429-9966
Facsimile (831) 427-2132

February 19, 2002

Javier Rios
Deputy Public Defender
Santa Clara County Public Defender's Office
120 West Mission Street
San Jose, CA 95110

> RE: People v. Tai Quoc Dang
> Court of Appeal, Sixth Appellate District
> Case Number H021681

Dear Mr. Rios:

As of this date I still have not received any response from you in connection with my letter of July 11, 2001. I have accommodated you in connection with all of your requests in connection with that matter. As I indicated to you in my last letter, I needed to have a response from you by the end of January 2002. At this time it is more than half way through the month of February, 2002, and I still have not received a response from you.

At this point I am working on the applicable petition for writ of habeas corpus in connection Tai Quoc Dang's case. Based upon your failure to respond to my letter of July 11, 2001, I can only assume that any responses that you would give to that letter would indicate a failure on your part to provide adequate representation to Tai Quoc Dang in the trial court. Again, without any response from you whatsoever, I can only assume that to be the case.

Very truly yours,

Arthur Dudley

AD/mcb

cc: Sixth District Appellate Program
Tai Quoc Dang

D(43)

Tai Quoc Dang,P-83131
Calipatria State Prison
P. O. BOX 5002
Calipatria, California 92233-5002

April 19th, 2002

RE: <u>People v. Tai Quoc Dang</u>
    Court of Appeal, Sixth Appellate District
    Case Number H021681

Dear Mr. Arthur Dudley,

I would like to express my sincere thanks for everything you've done so far regarding my appeal...Upon receiving this letter hope it will find you in the best of health and spirit.

I'm concerned about the questions & issues presented to my trial attorney by you and to date I assume he has not responded. Would that preclude you from filing an appropriate petition for writ of habeas corpus in conjunction with my appeal whereas, all briefs have been submitted and we're waiting on the opinion of the appellate court.

I thank you very much in advance upon reply.

Very Truly Yours,

Tai Quoc Dang

D(44)

Tai Quoc Dang/#P-83131
CALIPATRIA STATE PRISON
P. O. BOX 5002
Calipatria, California 92233-5002


Arthur Dudley, Esq. SBN 056921
Page, Salisbury & Dudley
    Attorneys at Law
605 Center Street
Santa Cruz, California 9506-3804


September 12th, 2002


Dear: Mr. Dudley,


Re: TAI QUOC DANG, DEFENDANT AND APPELLANT 2 CRIM. No.H021681


I'm writing this letter because I am concerned about NHAN NGUYEN'S
letter that he wrote to me and I sent it to you as well. You respo-
-nded saying that it is interesting what he said in that letter.
Nevertheless he is currently incarcerated in a California State
Prison/which one, I do not know. Do you think its necessary at this
time to find him and have him sign an "AFFIDAVIT" whereas he may be
getting out soon.

Mr. Dudley, words cannot truly express how grateful I am for the work
you have done and doing on my appeal. But I am surprise that my trial
attorney has not responded to your letter of July 11, 2001, however
if the appellate court reverse the Superior Court's Judgment of con-
-viction, will you continue representing me in the Superior Court.
Likewise, in the California Supreme Court via Petition For Review or
on Habeas Corpus Petition if it is affirmed.

Thank you in advance upon reply, and GOD Bless you too.


Respectfully Yours,

Tai Quoc Dang

D(45)

# Page, Salisbury & Dudley . Attorneys at Law

605 Center Street • Santa Cruz • California 95060-3804

Mitchell Page
Gordon J. Salisbury
Arthur Dudley
Sean Gallagher
Celeste DeNardo
Nikki Whitehead

Telephone (831) 429-9966
Facsimile (831) 427-2132



October 11, 2002

Tai Quoc Dang, P-83131
Calipatria State Prison
P. O. Box 5002
Calipatria, CA 92233-5002

      RE: <u>People v. Tai Quoc Dang</u>
          Court of Appeal, Sixth Appellate District
          Case Number H021681

Dear Mr. Dang:

      Enclosed you will find a copy of the appellate court opinion in your matter, along with a copy of the petition for rehearing that I have filed in the Court of Appeal pertaining to your case.

      It is my opinion that the Court of Appeal wrote a very poor opinion. As you can see from the enclosed petition for rehearing, the Court of Appeal could not even get critical facts correct in its opinion. Also, it is my belief that the Court of Appeal avoided answering several of the critical issues raised. Obviously, this is far from the end in connection with your appellate court matter.

      Assuming that the Court of Appeal denies the petition for rehearing, the next step is to file a petition for review in the California Supreme Court. I will be doing that on your behalf if the Court of Appeal does deny the petition for rehearing.

      If the California Supreme Court denies the petition for review, then the next step will be to file an applicable habeas corpus proceeding back in the Santa Clara County Superior Court. I have done a considerable amount of research in connection with the habeas corpus petition and have reached the conclusion that, due to the nature of the issues involved and the type of evidence that is needed to support the habeas corpus petition, the best way to do it is to file it directly in the Santa Clara County Superior Court. This is particularly true in light of the fact that I wanted the Court of Appeal to commit itself on several of the issues in a way I believe will be more helpful in connection with the habeas corpus proceeding. This is particularly true with regard to the various claims of ineffective assistance of counsel that need to be considered in connection

D(46)

Tai Quoc Dang, P-83131 CALIPATRIA STATE PRISON P. O. BOX 02 CALIPATRIA, CALIFORNIA
92233-5002

NOVEMBER 5th, 2002

Page, Salisbury & Dudley
Attorneys at Law
605 Center Street
Santa Cruz, California 95060-3804

RE: People v. Tai Quoc Dang
    Court of Appeal, Sixth Appellate District
    Case Number H021681

Dear Mr. Dudley,

       I did receive a copy of the appellate court opinion, along with a copy of the
petition for rehearing that you have filed in the Court of Appeal pertaining to my
case.

       After reading your petition for rehearing, I agree its a very poor opinion.
Also, it is clear too the Court of Appeal avoided answering several of the critical
issues raised. Again I want you to know how much I truly appreciate your professio-
nal legal assistance, and your willingness to go beyond the appellate court.

       I may have told you this before but just in case I did not I want you to know
that I had three separate Marsden hearings,whereas,I ask the court or Judge to app-
oint me another Public Defender because,the one who was representing me had refused
to file a formal discovery motion.And investigate witnesses,I had spoke to him about.
calling them to testify. The Judge denied my request for new counsel and I was forced
to proceed with the same Public Defender,who told me that he had seen enough evidence
and didn't need to see anything else. I was not trying to make him angry,but only to
let him know that my life is on the line and the prosecution was trying to convict me
by any means necessary.

       Mr. Dudley I don't know how to really express my sincere thanks for all you have
done and are still doing to help me receive justice. I'll never forget it either, and
hope one day I'll be able to show my appreciation to you in the way I would like to.

Very Truly Yours,

Tai Quoc Dang, Appellant

PS: DO YOU THINK WE'LL NEED THE
TRANSCRIPT OF THOSE MARSDEN
HEARINGS? FOR THE IAC CLAIM YOU"RE
RAISING IN THE HABEAS PETITION.
I MADE STATEMENTS THAT YOU SHOULD
KNOW ABOUT, AND I ASK THE JUDGE TO
SEAL THE RECORD SO THAT I COULD
RAISE THE ISSUE ON APPEAL.

D(48)

March 17, 2004

Tia Quoc Dang
CSP-CAL/P-83131/A2-244
P.O. Box 5002
Calipatria, CA 92233-5002

Arthur Dudley, Esq.
Page, Salisbury & Dudley
Attorneys at Law
605 Center Street
Santa Cruz, CA 95060

Re: People v. Dang/Case No. C9927769/Appeal No. H021681

Dear Mr. Dudley:

This is a formal request for the work product-case file in the above entitled matter.

This request includes, but is not limited to all notes, correspondence, exhibits, pre-trial, trial, post-trial pleadings, expert witness reports, police reports, and investigative reports contained in the case file.

This request is made consistent with and pursuant to Finch v. State Bar, (1981) 28 Cal.3d 659, 665 and Weiss v. Marcus, (1975) 51 Cal.App.3d 590, 599.

Please be aware that I am under strict statute of limitation requirements as promulgated by The Anti-Terrorism and Effective Death Penalty Act of 1996, therefore, time is of the essence for me to successfully file a timely Petition For Writ of Habeas Corpus in the appropriate state court regarding my conviction.

Thank you very much for your time and consideration in this matter.

Respectfully,

Tia Quoc Dang,
In Pro Per

cc: file

jh/TQD

Tai Quoc Dang, #P-83131 Calipatria State Prison P. O. BOX 5002 Calipatria, CA 92233-5002

March 24th, 2004

Page, Salisbury & Dudley
Attorneys at Law
605 Center Street
Santa Cruz, California 95060-3804

    RE: People v. Tai Quoc Dang
        Court of Appeal, Sixth Appellate District
        Case Number H021681

Dear Mr. Dudley:

    I am writing this letter whereas, I'm concerned about the
Petition For Rehearing filed on or about the first week of Oct-
ober, 2002.

    In Sum, I would like to know whether the court has denied
the petition for rehearing or it is still pending? Needless to
say I'm not that famillar with the proceedings of the Appellate
Court and it is not my intentions to be a nuisance just in case
you may hear that or feel that from my words so stated herein.

    There are no words that will truly express how grateful I
am for your integrity, and effective legal assistance. I am very
confident that justice will prevail in my appeal.

    Thank you for your time and consideration and in advance
upon reply.
///
//
/

                        Respectfully Yours,

                        Tai Quoc Dang, Appellant

D(50)

Tai Quoc Dang, #P-83131 Calipatria State Prison P.O. BOX 5002 Calipatria, CA 92233-5002

COPY

May 31th, 2004


California Court Of Appeals
Sixth Appellate District
333 W Santa Clara Street#1060
San Jose, California 95113-1717

    RE: People v. Tai Quoc Dang
        Court of Appeal, Sixth Appellate District
        Case Number H021681


Dear Chief Dep Clerk, Corrine Pochop:

    My appellate counsel filed a petition for rehearing in this appellate court about 18 months ago and I haven't heard anything from him or the court. Was that petition for rehearing denied or still pending and/or what is the status of my appeal.
    Thank you in advance upon reply, and for your consideration in this matter.

                          Respectfully Yours,

                          Tai Quoc Dang,
                          Appellant


D(51)

Tai Quoc Dang, #P-83131 Calipatria State Prison P. O. BOX 5002, Calipatria, CA 92233-5002

June 16th, 2004

Page, Salisbury & Dudley
Attorneys At Law
605 Center Street
Santa Cruz, CA 95060-3804

> RE: <u>People v. Tai Quoc Dang</u>
> Court of Appeal, Sixth Appellate District
> Case Number H021681
>
> California Supreme Court
> Number S111093-Petition For Review Denied

Dear Mr. Dudley,

    I'm writing again whereas I haven't received a response from you regard-
ing my letter of inquiry sent to your office around March of 2004, inquiring
about the status of my appeal and/or petition for rehearing filed in the Court
of Appeal October, 2002.

    In Sum, since I have not heard from you, I decided to write to the Court
of Appeal inquiring about the Petition For Rehearing that you had filed in
the Court of Appeal pertaining to my case as stated in your letter of October
11, 2002. The Court Clerk responded with a copy of the Court's "Order Modify-
ing Opinion And Denying Petition For Rehearing", filed October 22, 2002, and
according to Clerk's "Affidavit Of Transmittal" a copy of the Court's Opinion
was mailed to you and/or to your office addressed listed therein.

    Mr. Dudley, you said in your letter of October 11, 2002, and I Quote: As
soon as I hear anything from the court of appeal, I will let you know Unquote.
Therefore I decided to follow your instructions and wait until I hear from
you, after you had heard from the Court of Appeal. Not to be redundant but for
the record, I did not hear from you or from the Court after the petition for
rehearing was denied October 22, 2002. Allow me to reiterate that I just heard
about the Appellate Court's final order on or about June 15th, 2004, approxi-
mately 18 months after the petition for rehearing was denied.

    Mr. Dudley, you also said in that same letter dated 10-11-02, and I Quote:
Assuming that the court of appeal denies the petition for rehearing, the next
step is to file a petition for review in the California Supreme Court. I will
be doing that on your behalf if the court of appeal does deny the petition
for rehearing Unquote. I never did receive a copy of the "Petition For Review"
and, I just received a copy of the California Supreme Court's Order denying
the petition for review filed December 11, 2002, from the Clerk of the Court
of Appeal.

Arthur Dudley
Attorney At Law
RE: People v. Dang                                          June 16th, 2004
Appeal No.HO21681
Page 2

Since the AEDPA statute of time limitation has run and/or expired on the
issues that has already been exhausted in the California Supreme Court, not-
withstanding, the next step has yet to be done which is, I need to file an
applicable habeas corpus proceeding back in the Santa Clara County Superior
Court, with regard to the various claims of ineffective assistance of counsel
that need to be considered in connection with matters that appeared outside
of the record on appeal.

Finally, it is imperative that I request from you, a declaration setting
forth your reasons for not letting me know about the Appellate Court's Final
"Order Modifying Opinion And Denying Petition For Rehearing," and, same for
the "Petition For Review" filed in the California Supreme Court. Your Decla-
ration will be incorporated with my declaration of Extraordinary Circumstances
that were beyond my control, and cause for filing my habeas corpus petition in
an untimely manner. Please send me a copy of the petition for review as well.

According to your letter of October 11, 2002, it was my understanding
that you were going to file the habeas corpus petition on my behalf also? if
not, please send me any information you may have received from my trial attorney,
and a copy of all responses you may have received from him by mail. I will also
need the transcripts, or the entire record on appeal sent to me ASAP.

Mr. Dudley, your response to this letter is humbly requested/anticipated.
Thank you in advance, upon reply.

Very Truly Yours,

Tai Quoc Gang

cc: Sixth District Appellate Program

Tai Quoc Dang, #P-83131 California State Prison A2-144 P. O. BOX 5004 Alipatria, California 92233-5002

June 17th, 2004

California Supreme Court
San Francisco Office
350 McAllister Street
San Francisco, CAlifornia 94102

      RE: <u>People v. Tai Quoc Dang</u>
          Supreme Court Of California
          Case Number S111093

Dear Clerk:

    My Petition For Review was DENIED, on December 11, 2002.
I was represented by Mr. Arthur Dudley, my appellate attorney
who was appointed by the Court Of Appeal, Sixth Appellate Dis-
trict.
    I am hereby requesting a copy of your certificate of mail-
ing whereas, I did not receive a copy of this court's denial.
And, would like to find out if a copy was sent to my appellate
counsel.
    Thank you in advance upon reply.

Respectfully Submitted,

Tai Quoc Dang, Defendant
And Appellant

06.17.04
TAI- DANG P83131
A2-144
7018 Blair Rd.
P.O. Box 5002
Calipatria, CA 92233
Arthur Dudley; Esq.
Page, Salisbury & Dudley
Attorney at Law
605 Center Street
Santa cruz , CA 95060
Re: People v. T, Dang / Case No. C99277/ Appeal No.H021681

Dear Mr. Dudley:

This is a formal request for the work product-case file in the
Above entitled matter.

This request includes, but not limited to all notes, corresp-
ondence, exhibits, pre-trial, post-trial Pleadings, expert
witness reports, Police reports, and investigative reports,
contained in the case file.

This request is made consistent with and pursuant to Finch v.
State  Bar,(1981) 28 Cal.3D 659,659, Weiss v. Marcus, (1975)
51 CAL.APP.3D 590, 599. Please be aware that I am under strict
Statue of limitation requirements as promulgated by the Anti-
Terrorism and Death Penalty Act of 1996, therefore, time, is of
the essence for me to successfully file a timely Petition for
Writ of Habeas Corpus in the appropiate stae court regarding
my conviction.

Thank you very much for your. time and consideration in this
matter.

Respectfully,

TAI- DANG

Tai Quoc Gang, #P-83131
CSP-CAL/4 Calipatria A2-144
P. O. BOX 5002
Calipatria, California 92233-5002

June 22, 2004

Page, Salisbury & Dudley
Attorneys at Law
605 Center Street
Santa Cruz, California 95060-3804

RE: People v. Tai Quoc Dang
Court of Appeal, Sixth Appellate District
Case Number H021681

Dear Mr. Dudley,

First, allow me to apologize, for accusing you of not send-
ing me a copy of the "Petition For Review". Inadvertently, I over-
looked it and, begin to panic. However, I did not receive a copy
of the California Supreme Court's "Order" denying petition for
review. See Institutional Mail Log attached hereto this letter.
Because I didn't know the order denying the "Petition For Rehear-
ing" was attached, I assumed you had not sent me a copy of it
also.

Therefore I started jumping to conclusions after seeking
legal advice from someone else who lead me to believe that you
were no longer representing me, and, my time had expired for seek-
ing review in the federal court via a Writ Of Habeas Corpus.

Needless to say that I'm a layman at law, and ignorant of
appeal procedures & proceedings surrounding habeas corpus liti-
gation, so I have been referring to your informational letter
for the other steps that must be taken after the California
Supreme Court deny the petition for review. Not knowing what
you're doing after the petition for review has been denied, is
the reason and cause why I became worried, and assumed that you
may have abandoned my case.

I don't want to do anything that may be counter productive
to what you are doing now. So, I will wait until I hear from you
ASAP. Thank you again for your time and consideration in this
matter.

Very truly Yours,

Tai Quoc Dang

CC: SIXTH DISTRICT APPELLATE
    Program

D(56)

Tai Quoc Dang #P-83131 Calipatria State Prison A2-144 P. O. BOX 5002 Calipatria, California 92233-5002



June 24th, 2004

TO: California State Bar Court
    C/O Court Administrator
    180 Howard Street Fl 6,
    San Francisco, CA 94105-1639

> RE: **People v. Tai Quoc Dang**
>     **Court of Appeal, Sixth Appellate District**
>     **Case Number: H021681**

**Dear Trial Counsel:**

   Enclosed, you'll find my complaint/exhibits attached in support thereof. This complaint is made against my court appointed appellate counsel Mr. Arthur Dudley, **SBN056921**, whereas there has not been any communication between he & I since November 5th, 2002, and he did not let me know that the California Supreme Court had denied my petition for review on December 11th, 2002, as stated by him: He would let me know.

   The federal **AEDPA** statutes of time limitations (one year) for seeking review of my Constitutional Claims via habeas corpus petition, has expired already.

   Therefore, I am requesting also that you will order Mr. Dudley to prepare a written declaration on my behalf, so that I can establish the extraordinary cause that was beyond my control, for what portion of the one-year period was the insuperable impediment in effect, and the circumstances which rendered it impossible for me to file a timely petition before the impediment began or after it ended.

   I, hereby request for judicial notice of all exhibits attached to my complaint.

   I, Tai Quoc Dang, declare under the penalty of perjury and the laws of the state of California, that the foregoing is true and correct to the best of my knowledge.

                    Respectfully Submitted,

                    Tai Quoc Dang, Complainant

THE STATE BAR OF CALIFORNIA

COMPLAINT FORM

Read reverse side before filling in this form.

Date June 28th, 2004

(1) Your name and address Tai Quoc Dang, #P-83131, California State
Prison P.O. BOX 5002, Calipatria, CA 92233-5002

(2) Telephone number: Residence **None**          Work **None**

(3) The name, address, and telephone number of the attorney being complained about. (See note below.)
Arthur Dudley, 605 Center Street, Santa Cruz,
CA 95060-3804 PH#(831)-429-9966 Facsimile (831)-427-2132

(4) Have you or a member of your family complained about this attorney previously?
Yes_____, No **XX**. If yes, please state to whom the previous complaint was made, its approximate date and disposition.

_____

_____

(5) Did you employ the attorney? Answer yes or no and, if "yes," give the approximate date you employed him or them and the amount, if any, paid to him.
NO

_____

(6) If your answer to 5 above is "no," what is your connection with the attorney? Explain briefly.
He was appointed by the court of appeal, thru Sixth-District
Appellate Program, to represent me on my direct appeal, from
a judgment of the Superior Court Of Santa Clara County.

(7) Write out on a separate piece of paper and send with this form a statement of what the attorney did or did not do that you are complaining about. Please state the facts as you understand them. Do not include opinions or arguments. If you employed the attorney, state what you employed him to do. Sign and date such separate piece of paper. Further information may be requested. (Attach copies of pertinent documents.) SEE STATEMENT OF FACTS ATTACHED PGS 1 & 2

(8) If your complaint is about a law suit, answer the following, if known:

(a) Name of court (For example, Superior or Municipal—in what county)
N-A

(b) Title of the suit (For example, Smith against Jones)

_____

(c) Number of the suit_____

(d) Approximate date the suit was filed_____

(e) If you are not a party to this suit, what is your connection with it? Explain briefly.

_____

_____

NOTE: If you are complaining about more than one attorney, write out the information about each in answer to questions 3,through 8 above on separate sheets if necessary.

| Mail to: | Signature |
|---|---|
| Office of Chief Trial Counsel/Intake | Tai Quoc Dang, Complainant. |
| State Bar of California | |
| 1149 South Hill Street | |
| Los Angeles, CA 90015-2299 | |

D(58)

CONT.:                    The State Bar Of California
                              COMPLAINT FORM

                                        Date: June 28th, 2004

          RE: People v. Tai Quoc Dang
              Court of Appeal, Sixth Appellate District
              Case Number H021681

#(7)                          STATEMENT OF FACTS


        My appellate attorney Mr. Arthur Dudley, SBN#056921, was appointed by the
court of appeal thru Sixth District Appellate Program.
        The last correspondence received from Mr. Dudley, was dated October 11,
2002, and, a copy of the appellate court's opinion in my case, along with a copy
of my petition for rehearing, he had filed in the court of appeal. Please take
judicial notice of letters from Mr. Dudley in chronological order attached here-
to as exhibit "A", Exhibits "A" thru "E" are being incorporated by reference
herein. My petition for rehearing was denied on October 22, 2002, order is
attached as exhibit "B".
        Mr. Dudley, filed a petition for review in the California Supreme Court on
or about October 31, 2002, and it was denied December 11, 2002, order is attached
as exhibit "B". Between December 11, 2002 thru June 17th, 2004, I did write seve-
ral letters to Mr. Dudley, evidenced by the letters attached as exhibit "C", in-
quiring about the status of my appeal. Because he did not respond to any-one of
my letters, I decided to write to the court of appeal, Sixth Appellate District
on or about May 31, 2004, inquiring about the status of my appeal. The clerk of
the court responded by sending me a copy of the California Supreme Court's order
"Petition For Review DENIED", dated December 11, 2002. And, a copy of the appel-
late court's "Order Modifying Opinion And Denying Petition For Rehearing", again,
please refer to exhibit "B".
        Approximately 18 months had passed since the California Supreme Court had
denied my petition for review, and, to reiterate, the first time I received any
notice of the California Supreme Court's "Order was on or about June 9, 2004,
from the court of appeal's clerk, following my letter of inquiry I sent to the
court of appeal. Nonetheless, on June 17th, 2004, also I wrote to the California
Supreme Court asking for a copy of their certificate of service to find out if a



CONT.:                    The State Bar Of California
                              COMPLAINT FORM


                                              Date: June 28th, 2004

        RE: People v. Tai Quoc Dang
            Court of Appeal, Sixth Appellate District
            Case Number HO21681


#(7)                          STATEMENT OF FACTS


copy of that order was sent to Mr. Dudley as well. That letter is attached
hereto as exhibit "D"

        After receiving a copy of my petition for review In The California
Supreme Court from Mr. Dudley on or about November 5th, 2002, was the last
time I received anything and/or any correspondence from him. See Institutional
incoming legal mail log attached as exhibit "E".

        Consequently the federal habeas corpus AEDPA one-year statute of time
limitation has already RAN-OUT. Additionally, Mr. Dudley, still have all of
my appeal records—(Transcripts, etc.), and needless to say without a declara-
tion of Extraordinary Cause (Attorney Created Impediment), my Constitutional
Claims will be considered "Barred" by the statute of time limitations.
/
/
/
/                                    Respectfully Submitted,
/
/                                    Tai Quoc Dang, Complainant
/
/
/
/
/
/
/
/
/
/                              Attached Page 2-of-2
                                      D(60)

Tai Quoc Dang,
CDC#P-83131-A2-144
CSP-CAL-4 at Calipatria
P. O. BOX 5002
Calipatria, Californioa 92233-5002


August 13th, 2004.                                    LEGAL MAIL


TO: ARTHUR DUDLEY, SBN 056921
    PAGE, SALISBURY & DUDLEY
       Attorneys at Law
    605 Center Street
    Santa Cruz, CA 95060-3804


        Re: People v. Tai Quoc Dang
            Court of Appeal, Sixth Appellate District
            Case Number H021681
            Santa Clara County Superior Court Case No. C9927769

Dear Mr Dudley,


I did receive your message via the prison Chaplain who stated that you told
him I could expect to hear from you within the next three weeks, that was
told to me on or about the first week of July 2004. Needless to say that I
was looking forward to hearing from you by now, and, now I really don't know
what to think or do whereas, you have not responded to any of my letters
within the past two years and that is about how long it has been since the
last time I heard from you as well.

My complaint is not about ineffective assistance of counsel but only about
the breakdown in communication that has lead me to believe, your legal assis-
tance was terminated two years ago without any notice whatsoever and, consi-
deration for the AEDPA statute of time limitation that has expired already.

Todate I have not yet received my Transcripts, attorney files from either my
trial or my Appellate Counsels which has created an impediment, therefore, I
will need a declaration setting forth these extraordinary circumstances
and the record on appeal/including my letters from my trial attorney who was
ordered by the trial Judge to give them back to me but he never did. Those
letters contain exculpatory evidence that I will need as supporting facts to
be incorporated with my claims/issues I intend to raise in my habeas corpus
petition.

I'm writing this letter as a direct and constructive notice of my intent to
file a complaint in the State Bar Court regarding the aforementioned matters
of urgent concerns and for relief accordingly. I am hereby requesting to hear

ARTHUR DUDLEY, SBN 56921
Attorney at Law
LEGAL MAIL
August 13th, 2004
Page 2

from you within fourteen days plus six from the date of this letter, if not, I will proceed with my complaint to the State Bar Court.

Thank you in advance upon reply, and G-D Bless you with good health too.


Sincerely,


Tai Quoc Dang,


cc:


Sixth District Appellate Program
100 No. Winchester Blvd. Suite 310
Santa Clara, California 95050


CALIFORNIA STATE BAR COURT
180 Howard Street, Fl 6,
San Francisco, California 94105-1639
/
/
/
/
/
/
/
/
/
/
/
/
/

OFFICE OF CHIEF TRIAL COUNSEL/INTAKE
The State Bar of California
1149 South Hill Street
Los Angeles, CA  90015-2299

02 1A
0004311
MAILED FROM ZIP CODE 90015
AUG 19 2004
$00.23⁰

Tai Quoc Duoc
Name
P-85131  Calipatria State Pr
A2-144  P.O. Box 5002
Street
Calipatria          CA    97233-5002
City                State    Zip

92233/5002

We have received your complaint against a California attorney and
have assigned it the number shown below. We will contact you when
our evaluation of your matter is complete.

Thank you for your patience.

OFFICE OF CHIEF TRIAL COUNSEL/INTAKE

Inquiry # 04-24640

BF 1030 REV 4/99



THE STATE BAR
OF CALIFORNIA

OFFICE OF THE CHIEF TRIAL COUNSEL
INTAKE

1149 SOUTH HILL STREET, LOS ANGELES, CALIFORNIA 90015-2299

TELEPHONE: (213) 765-1000
TDD: (213) 765-1566
FAX: (213) 765-1168
http://www.calbar.ca.gov

September 28, 2004

Tai Quoc Dang
P-83131 Calipatria State Prison
A2-144 P.O. Box 5002
Calipatria, CA 92233-5002

RE:    Inquiry Number:    04-24640
       Respondent:       Arthur Guilford Dudley

Dear Mr. Dang:

Your complaint against Arthur Guilford Dudley, received on August 18, 2004, has been reviewed by a staff attorney to determine whether he violated the State Bar Act and/or the Rules of Professional Conduct and whether there is a basis for investigation for prosecution of his alleged conduct.

After careful review and after taking into consideration all relevant factors, the State Bar has concluded that the matter does not warrant action. Mr. Dudley responded to our inquiry on September 21, 2004. In his response he stated that he was assigned by the Sixth District Appellate Program to handle the state court appellate proceedings for you. Mr. Dudley explained that he represent you through the California Supreme Court after the Court of Appeal rendered an adverse decision in the appellate matter. Mr. Dudley stated that it is customary to volunteer to prepare the federal habeas corpus petition and maintain an appellate record in order to complete that work. Although Mr. Dudley contended that he sent you a letter explaining the alternatives including the AEDPA time limitations he did not hear from you until the deadline had expired. He claimed that he would be willing to assist you soon in preparing any necessary paperwork showing that you were reasonably and in good faith unaware of the AEDPA limitations if that is the case and would assist you in preparing the habeas corpus petition itself. Please contact the State Bar of California in sixty (60) days if Mr. Dudley does not contact you about your position.

You may wish to consult with other legal counsel regarding your available civil remedies. You may contact your local or county bar association to obtain the names of attorneys to assist you in this matter. The local bar association or county bar association in your area is: Lwyer Referral Service of Santa Cruz County, P. O. Box 1311, Santa Cruz, CA 95061-1311 (831) 425-4755.

We are closing our file at this time.

If you do not agree with the decision to close your complaint, you may request a review, **in writing**, within **three (3) months** of the date of this letter. Telephonic requests cannot be accepted. Include with your request any additional or new evidence and **copies** of documentation which you believe should be considered. You may make your written request to: Audit and Review, Office of the Chief Trial Counsel, State Bar of California, 1149 South Hill Street, Los Angeles, California 90015.

Very truly yours,

Irma Marquez
Complaint Analyst

IM

TAI QUOC DANG
P#83131/A2/144
Calipatria State prison
P. o. box 5002
Calipatria, California 92233-5002


October 4th, 2004


Page Sallsbury & Dudley
Arthur Dudley,ESQ., SBN 056921
Attorney at Law
605 Center Street
Santa Cruz, California 95060-3804

**In Re; Tai quoc Dang on Habeas Corpus**


Dear Mr. Dudley,

This letter is regarding my appeal. First, it was not my intenti-
on to the undermine your intelligence in any way shape form or
fashion by filing a claim with the State Bar. I could not have
been appointed an attorney more qualifiled than yourself, and I
want you to know I really appreciate everything you have done to
help me with my appeal. If I disrespected you in anyway please
accept my apology and it was not my intentions to do so just in
case you may heard that or feel that way from the complaint/lett-
ers I sent to you as well.

I was only trying to assist in everyway to help me with my direct
appeal. I you don't really need my help, but I was doing anything
I could to assist you because it's my life that I'm figthing for
and hope to see some light that will lead me out of this human
dump.

I do accept yor offer to assist me in preparing the necessary
paperwork showing that I were reasonably  and in good faith unaw-
are of the **AEDPA** LIMITATIONS and to assist me in preparing the
Habeas Corpus petition itself.

I'm concerned about the letter you sent to my trial attorney
and he never did respond to the list of errors commited by him
and that you could not raise those issues on direct appeal via
Habeas Corpus petition in conjunction with my appeal becuase you
did not have all of the operative facts necessaryfor you to move
forward with the  habeas petition. Needless to say Idid not rece-
ive effective assisttance of counsel from my trial attorney, and

Page Sallsbury &Dudley
Re: Tai quoc Dang
Legal Mail
October 4th, 2004
Page 2

I would like  to  exhaustthat I. A. C. claim in the california
Supreme Court including another federal claim surrounding my arr-
est which is: when I was arrested and Miranda rights read to me-
no time did the arresting officers nor the investigating officers
provide me with an interpreter,but during all in court proceedin-
gs, even the judge found I was not understanding the proceedings
and said: it is unequivocally necessary for me to have an interp-
reter.

I have done some research and found that claim is base upon esta-
blished Supreme Court authority in support of my right to have an
interpreter when my Miranda rights were, and during all other st-
ages of interrogations inclusive. The cases that I'm refering to,
all were reversed by the State & U.S. Supreme Court. As you stat-
ed- my statements made out of court to officers should have been
considered inadmissible evidence. Even at the police  station,
no Vietnamese interpreter was called in,so, through an interpret-
er my rights could have been explained. **See In Re Dung T. 160 Cal
App. 3d 697; 206 Cal. Rptr. 772; (1984) Cal. App.**

Mr. Dudley, I want you to know that did receive your letter expl-
aining the alternatives regarding the Habeas petition assuming
the California Supreme Court the petition for review. However,
if my memory serve me correctly I don't recall reading anything
about the **AEDPA time limitation.** I look again through your letter
and the last incoming mail from you was a letter informing me
that you had filed the petition for review and no more letters
after that as the prison log will verify.

Yes, I will appreciate any help to assist me in preparing the
necessary paperwork regarding the AEDPA limitations and in the
paring the Habeas Corpus petiton itself. I have nothing but high
regarding/respect for you, I have learned by attending law libra-
ry that it is very hard for me to understand the law and I do not
want to seek help from someone here because it would be the blind
leading the blind.

Page Sallsbury & Dudley
RE: Tai quoc Dang
LEGAL MAIL
October 4th, 2004
Page 3

I know you have sixty (60) days to respond, but I decided to let
you know my position regarding your offer and look forward to he-
aring from you in the future. Thank you for reading this letter
and for your consideration in this matter.

    Sincerely,


    Tai quoc Dang,

605 Center Street ● Santa Cruz ● California 95060-3804

Mitchell Page
Gordon J. Salisbury
Arthur Dudley
Sean Gallagher
Celeste DeNardo
Nikki Whitehead
Desiree Young

Telephone (831) 429-9966
Facsimile (831) 427-2132

November 7, 2004

Tai Quoc Dang, P-83131
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

Re: Federal Habeas Corpus

Dear Mr. Dang:

I just got out of a preliminary examination for what is now a death penalty, three defendant murder case which started back on September 20, 2004. I am now trying to catch up with the rest of my work.

As to your matter, from what I understand you did not receive from me the letter explaining the federal habeas corpus procedure, and you did not know on your own that procedure. Also, I had taken steps much earlier to prepare the federal habeas corpus petition, and I still have my notes in that regard. I will complete that paperwork shortly, along with the applicable declaration for you to sign with regard to your lack of knowledge concerning federal habeas corpus procedures. I should have those matters finished for your review, consideration and signature within two weeks of this letter. The federal habeas corpus petition will include all federal issues raised in your state court appellate procedures.

Very truly yours,

Arthur Dudley

AD:ms

D(68)

Tai Quoc Dang
P-83131 L5-109u
    C.C.C
P.O. Box 2210
Susanville, Ca.96127


January 18,2005


To : Authur Dudley , SBN 056921
     Page, Salisbury & Dudley
       Attorney at Law
     605 Center Street
     Santa Cruz, Ca.95060-3804


          RE : People v. Tai Quoc Dang
               Court of Appeal, Sixth Appellate District
               Case Number H021681
               Santa Clara County Superior Court No. C9927769


 Dear Mr. Dudley,
    I am currently no longer at Calipatria State Prison.
 My present address is as follow.


 Tai Quoc Dang
 P-83131 L5-109u
    C.C.C
 P.O. Box 2210
 Susanville, Ca.96127


                              Sincerely,

P.O. Box 2210
Susanville, Ca  96127

June 20, 2005

To:  Arthur Dudley, SBN 056921
     Page, Salisbury & Dudley
     Attorney At Law
     605 Center Street
     Santa Cruz, Ca  95060-3804

RE:  People V. Tai-Quoc-Dang

        Court Of Appeal, Sixth Appellate District
        Case Number #021681
        Santa Clara County Superior Court Case No. C9927769

Dear Mr. Dudley,

            First, please let me thank you for everything you have done to assist

me with my appeal. Mr. Dudley, concerning the last letter that I received from you

on November 7, 2004, you said that you were going to prepare the Federal Habeas Corpus

petition and you would complete that paperwork, along with the applicable declaration

for me to sign with regards to my lack of knowledge concerning Federal Habeas Corpus

procedures. Also you said you should have these matters finished for me to review,

consider and sign within two weeks from the date of Nov. 7, 2004. But till this day

I still haven't heard anything from you.

Thank you in advance upon reply.

                                        Very Truly Yours

                                        Tai-Quoc-Dang

D(70)

1

2

3

4          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
              IN AND FOR THE COUNTY OF   SANTA CLARA   (ENDORSED)
5
                                                         **FILED**
6
                                                       JUL  1 2005
7
                                                  KIRI TORRE
8  _____                Chief Executive Officer/Clerk
                                                  Superior Court of CA County of Santa Clara
9  PEOPLE OF THE STATE OF CALIFORNIA  )         BY ____S. CHUA____ DEPUTY
      PLAINTIFF AND RESPONDENT        )
10        TAI  QUOC  DANG             )
                                      )          CASE# C9957769
11                                    )
                                      )
12            VS.                     )
                                      )
13   PEOPLE  OF  CALIFORNIA           )
                                      )         MOTION FOR PRODUCTION
14                                    )            OF TRANSCRIPTS
                                      )         ( PRELIMINARY  ONLY )
15  ____DEFENDANT AND APPELLANT_____)

16

17

18  TO: The Honorable Judge in the above Superior Court:

19

20  PLEASE TAKE NOTICE; That petitioner, ____TAI  QUOC  DANG____,

21  moves this court for an order directing the court reporter to

22  transcribe, produce, and provide the petitioner with a copy of

23  the transcripts of the oral proceedings and all related documents

24  of the judicial proceedings of the above entitled action and

25  case number.

26

27       Petitioner's motion is based upon the documents and files

(1)
D(71)

1    of the case, the petitioner's attached Declaration of Indigency,

2    Statement of Facts, and the accompanying memorandum of Points

3    and Authorities in support of the above motion.

4         This motion is also based on the grounds that the Due

5    Process and Equal Protection Clauses of the Fourteenth Amendment

6    to the United States Constitution require that an indigent

7    defendant be provided with a free transcript of a prior proceeding

8    when the transcript is needed for an effective defense.

9

10   DATED:___TUNE - 26 - 05_____

11

12                                    TAI QUOC DANG  (P# 83131)

13                               PETITIONER'S NAME & ID#

14

15

16                               PETITIONER'S SIGNATURE

17

18

19

20

21

22

23

24

25

26

27

1          POINTS AND AUTHORITIES

2                         I

3

4    PETITIONER SEEKING RELIEF FROM CONVICTION

     BY PETITION FOR WRIT OF HABEAS CORPUS HAS

5    BURDEN TO FURNISH PROPER RECORD OF REVIEW

6

7        "A defendant seeking review of ruling of the trial
         court by means of a petition for extraodinary writ
8        must provide the appellate court with a record
         sufficient to permit such review."
9    (Sherwood v. Superior Court (1979) 24 Cal.3d.183,186)

10

11       Clearly the burden is on the petitioner seeking relief to

12   plead a sufficient case to justify relief and to support it With

13   documentation to the extent necessary for the review courts to

14   understand why the lower court erred. (Kruger v. Superior Court

15   (1979) 89 Cal.3d.934;  Star Motor Imports Inc. v. Superior Court

16   (1979) 88 Cal.3d.201.)  Holding that a petition **not** supported by

17   an adequate trial court record verified upon information and

18   belief was fatally defective because the petitioner's factual

19   contentions were heresay.

20

21       Without the preparation of the transcripts and all the

22   relevant documents on the action under review, the likelihood of

23   prejudice against the petitioner is great.  Such prejudice is

24   perhaps best explained by the court in (Lemelle v. Superior

25   Court, (1978) 77 Cal.3d.148,156.)

26

27       "A proper record should include a copy of all
         declarations filed in the lower court.  It should
         in most instances also include a transcript of any

1     hearing.  In the absence of a transcript the re-
2     viewing court will have no way of knowing in many
    cases what grounds were advanced, what arguments,
3     were made, and what facts may have been admitted,
    mutually assumed, or judicially noticed at the
4     hearing.  In such cases, no abuse of discretion
    can be found except on the basis of speculation."

5

6                             II

7

8      AN INDIGENT CRIMINAL DEFENDANT-PETITIONER

       IS ENTITLED TO THE PREPARATION OF

9        TRANSCRIPTS AND COURT RECORDS AT

10             PUBLIC EXPENCE

11

12     "An indigent defendant is presumptively entitled to a

    full trial transcript in any further proceedings."
13     (Britt v. North Carolina (1971) 404 U.S. 226)
    (Shuford v. Superior Court (1974) 114 Cal. Rptr.601)
14     (People v. Bizieff (1991) 277 Cal. Rptr. 678,684)
    (People v. Hosner (1975) 123 Cal. Rptr. 381)

15

16      An indigent defendant is entitled to an order for a

17 reporter's transcript at the public's expence should he or she

18 demonstrate a "colorful need" for a complete or partial

19 transcription of the transcript.  The denial of such necessary

20 transcripts and records for review has long been held to violate

21 due process and impede open and equal access to the court.

22 (March v. Municpal Court, (1972) 7 Cal.3d.422;  Griffin v.

23 Illinois (1956) 351 U.S. 12.)

24

25      In, (People v. Bizieff (1991) 277 Cal. Rptr. 678,684), "The

26 state is obligated to provide an indigent defendant in a criminal

27 case with a transcript of prior proceedings where the transcript